This cause was remanded to the trial court in order for an evidentiary hearing to be conducted concerning the appellant's claim that his lawyer failed to appeal his conviction within the time allowed for such an appeal, despite the appellant's request that he do so. During the hearing, the appellant's lawyer testified that he never received a letter or any form of request from the appellant to file an appeal. A witness for the appellant testified that he attempted to notify the lawyer of the appellant's desire to appeal. He stated that he did inform some person at the lawyer's office, but he never identified the person who was contacted. Following this evidence, the trial court concluded that the appellant did not inform his lawyer of his desire to appeal within the time allowed by law. The court further noted that although it does appear from the appellant's testimony that he made an effort to notify his lawyer by mail of his desire to appeal, there is no evidence that the letter was mailed. The trial court further determined that the appellant's lawyer was neither careless nor negligent in any manner, because the court found, he was never informed by the appellant of his desire to appeal within the time allowed by law. The trial court therefore determined that the appellant's petition for writ of error coram nobis should be denied. Following a review of the record, we affirm the trial court's decision.
OPINION EXTENDED; AFFIRMED.
All the Judges concur.